IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DIONNE KEGLEY, | : | |
| *Individually and as next of kin of CK, a minor,* | : | |
| *et al.,* | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.:  7:20-CV-00135 (WLS) |
| | : | |
| DEBBIE ANN FLETCHER, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

Before the Court is a "Motion to Compel Plaintiff's Discovery Responses," filed by Defendant on July 26, 2021. (Doc. 14.) No response was filed, and the deadline to do so has passed. (*See* docket.) Accordingly, the motion is ripe for review.

Pursuant to the Scheduling and Discovery Order entered in this case, "[u]nless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 must be filed **within twenty-one days of the date on which the response(s) was due, or twenty-one days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one days after the close of discover**y, whichever first occurs." (Doc. 11 at 2 ¶ 6) (emphasis in original). This is known as the Court's 21/21/21 Rule. Because the Parties had indicated that they would email the Courtroom Deputy to schedule a conference prior to filing a motion to compel (Doc. 11-1), the Court further noticed the Parties that "the Court's 21-day deadline for Rule 37 motions will be strictly enforced. The Parties shall timely move the Court for any extension of the motion filing deadlines pursuant to this Order." *Id.* at 2 ¶ 6 n.1.

In the pending motion, Defendant states through counsel that she served Interrogatories and a Request for Production of Documents to Plaintiffs' counsel on December 4, 2020. (Doc. 14 at 1.) Plaintiffs' answers to these discovery requests were due on January 7, 2021. *Id.* Defense counsel wrote to Plaintiffs' counsel approximately five months

1

later on June 2, 2021 requesting a response to this discovery, but Plaintiffs did not respond or object to the discovery. *Id.* at 1-2. Defendant has attached in support of her motion a copy of the discovery requests, the letter to Plaintiffs' counsel, and a letter certifying that defense counsel attempted to resolve this dispute in good faith prior to filing the motion to compel. (Docs. 14-1, 14-2, 14-3.)

Although the Court granted a motion to extend the discovery deadline from May 20, 2021 to August 11, 2021 to complete depositions, the Court extended only "unexpired discovery deadlines." (Doc. 13.) Defendant never sought an extension of the deadline for filing the pending motion to compel, and no such extension was granted. Thus, by Defendant's own representations, her motion to compel was due by January 28, 2021. Accordingly, because the motion to compel is untimely and no explanation has been provided for its untimeliness, the motion (Doc. 14) is **DENIED**.

Furthermore, the deadline for filing dispositive motions passed on September 10, 2021, with no motions having been filed. Thus, this case will be noticed for trial separately.

**SO ORDERED**, this 15th day of September 2021.

                                          **/s/ W. Louis Sands**
                                          **W. LOUIS SANDS, SR. JUDGE**
                                          **UNITED STATES DISTRICT COURT**