IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DIONNE KEGLEY, :
*Individually and as next of kin of CK, a minor,* :
*et al.,* :
  :
       Plaintiffs, :
  :
v. :     CASE NO.:  7:20-CV-00135 (WLS)
  :
DEBBIE ANN FLETCHER, :
  :
       Defendant. :

## ORDER

    Before the Court is a "Motion to Compel Discovery," filed by Defendant on December 22, 2021. (Doc. 28.) No response was filed, and the deadline to do so has passed. (*See* docket.) Accordingly, the motion is ripe for review.

## PROCEDURAL HISTORY

    Plaintiffs Dionne Kegley, individually and as next of kin of C.K., a minor, and Jeremy Talbott brought this action through counsel on July 10, 2020. (Doc. 1.) They allege that in July 2018, Defendant Debbie Ann Fletcher collided with the rear of the stopped vehicle in which Plaintiffs and C.K were located and that this collision caused them injuries and monetary losses. *Id.* ¶¶ 6-7. Ninety days passed without any proof that service had been perfected on Defendant, so the Court issued a show cause order. (Doc. 4.) Plaintiffs' counsel responded explaining the reasons that they had failed to serve Defendant and also promptly served the Defendant at that time. (Docs. 5 & 6.) Thereafter, the Court issued a discovery order and granted a consent motion filed by Defendant to extend discovery, and discovery closed on August 11, 2021. (Docs. 11 & 13.) The deadline to file a dispositive motion also passed on

September 10, 2021, with no dispositive motion being filed, so the Court set this case for a pretrial conference. (Doc. 16.) The Court also denied Defendant's untimely motion to compel discovery from Plaintiff. (Doc. 15.)

Defense counsel attended the pretrial conference, but Plaintiff's counsel did not attend and had not requested to be excused from attending. (*See* Doc. 24.) Furthermore, at the conference, Defendant's attorney stated that he had not received any discovery from Plaintiff but understood that Plaintiff still intended to provide the requested discovery, and he affirmed that discovery should be reopened. *Id.* As such, the Court ordered that Defendant file a motion to reopen discovery and for Plaintiffs' counsel to show cause for failure to attend the pretrial conference. *Id.* Defendant timely filed a Joint Motion to Continue the Trial and to Extend the Discovery Period, which the Court granted. (Docs. 25 & 26.) Plaintiffs' counsel also timely responded to the show cause order. (Doc. 27.)

Pending now is Defendant's second Motion to Compel Discovery from Plaintiffs. (Doc. 28.) No response nor motion has been filed by Plaintiffs since. (*See* docket.)

## ANALYSIS

### I.   Timeliness

The initial Discovery and Scheduling Order provides that "all motions made under Rule 37 must be filed **within twenty-one days of the date on which the response(s) was due, or twenty-one days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one days after the close of discovery**, whichever first occurs." (Doc. 11 at 2 ¶ 6) (emphasis in original). This is known as the Court's 21/21/21 Rule, and it is strictly enforced. Here, Defendant asserts that he served Interrogatories and a Request for Production of Documents on Plaintiff's counsel on

November 4, 2021, to which an answer was due on December 6, 2021. (Doc. 28 ¶¶ 1-2.) On December 8, 2021, defense counsel wrote to Plaintiff's counsel requesting the discovery, but the discovery remained outstanding. (Doc. 28-3.) On December 22, 2021, sixteen days after Plaintiffs' responses to the discovery requests were due, Defendant filed the instant motion to compel. Therefore, the motion is timely.

## II.    Good-faith Attempt to Confer

Before filing a motion to compel, the movant must have in good faith conferred or attempted to confer with the opposing party to obtain the discovery without court action. Fed.R.Civ.P. 37(a)(1); M.D.Ga. L.R. 37. Defendant has filed a certification of a good faith attempt to confer and a copy of the letter to Plaintiffs' counsel stating that if the discovery is not provided, Defendant may seek court action. (Docs. 28-1 & 28-3.) Given the certification and record in this case, the Court is satisfied that Defendant made a good faith attempt to confer prior to filing the motion. *See Jackson v. Deen*, No. CV412-139, 2012 U.S. Dist. LEXIS 186845, at *7 (S.D. Ga. Dec. 3, 2012).

## III.    Discovery Dispute

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1). A party "may move for an order compelling an answer, designation, production, or inspection" if another party has failed to produce documents or answer an interrogatory.  Fed.R.Civ.P. 37(a)(3)(b).

Whether to grant a motion to compel is a matter of a district court's "broad discretion." *United States v. Cuya*, 964 F.3d 969, 970 (11th Cir. 2020). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1306-07 (11th Cir. 2011) (*Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)).

Here, Defendant has shown— and Plaintiffs have not challenged— that Defendant served Interrogatories and Requests for Production of Documents on Plaintiff on November 4, 2021, to which Plaintiffs have not responded. (Docs. 28 & 28-2.) Plaintiffs have not offered, and the Court cannot find, any justification for their utter failure to respond. The discovery sought generally appears relevant and proportional to the needs of this case. As such, the motion to compel is due to be granted. However, unless written approval is first obtained from the Court, the Local Rules limit each party to 25 interrogatories and 10 requests for production of documents. M.D.Ga. L.R. 33.1 and 34. Here, Defendant served 33 interrogatories and 15 requests for production of documents, without requesting permission from the Court to do so. (Doc. 28-2.) Thus, Plaintiffs will be compelled to provide discovery responses but only to Defendant's amended discovery requests.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Compel Discovery (Doc. 28) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendant must serve amended Interrogatories and Requests for Production of Documents that comply with the Local Rules of this Court **no later than Friday, February 4, 2022**, and Plaintiffs **SHALL** respond thereto **no later than Friday, February 25, 2022**. As Plaintiffs' deadline falls beyond the current

expiration of the discovery deadline on February 15, 2022 (Doc. 26), the Court finds good cause on grounds not reasonably foreseeable or avoidable and hereby *sua sponte* extends the close of discovery to **Friday, March 18, 2022**. Dispositive motions are due **no later than Monday, April 18, 2022**. All other instructions in the Initial Scheduling and Discovery Order (Doc. 11 at 2-4) and the Order reopening discovery (Doc. 26) that do not conflict with this Order are hereby adopted and made part of this Order. Specifically, the Parties are reminded that the Court's 21/21/21 Rule and the other instructions regarding discovery and motion filing will be strictly applied and imposed.

Plaintiffs are further warned that the Court may order sanctions for a party's failure to obey a discovery order, which may include "striking pleadings in whole or in part[,]" "rendering a default judgment against the disobedient party[,]" and ordering the disobedient party to pay the reasonable expenses caused by its failure to comply with the discovery order. Fed. R. Civ. P. 37(b)(2)(A)(iii)-(vi), 37(b)(2)(C).[1]

**SO ORDERED**, this 21st day of January 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court will consider and allow an opportunity to be heard on a motion for fees or expenses if the same is filed. *See* Fed.R.Civ.P. 37(a)(5)(C).